### WEBB *v*. THE STATE.

CRIMINAL LAW AND PRACTICE.—An affidavit is substantially good, which charges that the defendant, "on, &c., at, &c., did feloniously steal, take away, lead, ride, and drive away, one dun-colored horse," &c.

CONTINUANCE.—An affidavit for a continuance, in which the affiant

Webb *v.* The State.

can not state the names of witnesses he wants, nor where they reside, or can be found, is insufficient.

APPEAL from the *Marion* Common Pleas.

*Per Curiam.*—Prosecution against *Webb* for larceny in stealing a horse. He was first arrested and committed upon an affidavit made before Mayor *Cavin,* of *Indianapolis. Smithers,* who made the affidavit, signed it below the jurat, between it and the name of the Mayor, who administered the oath to *Smithers,* and certifies to its having been taken. This is a mere informality.

The information charges that the defendant led and rode away the horse, being the personal goods and property of, &c.

It is urged that the defendant could not have both led and rode the horse away, and that the horse was not goods. The objection is insufficient.

An affidavit was made for a continuance; but the affiant did not know the names of the witnesses he wanted, nor where they resided, or could be found. It was not error to refuse the continuance.

On the evidence, the conviction can not be disturbed. The horse had been taken in the night from the owner's stable; the defendant was soon after seen in possession of it, and gave no reasonable account, &c.

The judgment is affirmed, with costs.

*J. Milner,* for the appellant.

*Oscar B. Hord,* Attorney General, and *John C. Bufkin,* District Attorney, for the State.